Pleased to court, my name is Maxine Price and I represent the felon Buckley as a trustee for the Gox Victim Bitcoin Trust. I would reserve two minutes for rebuttal, if I may. You may, just watch the clock. Your Honor, I have heard a lot of cases that are related to Mr. Buckley's, so I'll try to stay as much on specific cases as I can. This case should be remanded with felony. Buckley, as trustee, filed his claim in his answer where he alleged facts that are sufficient to show his innocent ownership interest. When the U.S. government propounded its special interrogatories under Supplemental Rule G and moved to strike the claim for lack of standing, the court was supposed to undertake the preliminary analysis of whether the allegations are colorable on their face. Here, the court erred by overshooting both the motion to strike and even the motion's summary judgment standards and requiring claimant to prove its claim by preponderance of the evidence at the motion to strike phase. The court weighed the evidence and found in favor of the moving party, as others have pointed out. Do you concede that Mr. Buckley was aware of the forfeiture at the time he acquired his bitcoin from Mr. Hossain, or at least was reasonably without cause to be aware? Mr. Buckley was aware when he acquired his interest. 0.01, yes, bitcoin interest from Mr. Hossain. Was he aware of the forfeiture? Because it was, what, eight years before? Yes. He was aware of it? Yes, we concede that, but that's not how... Then why is he an innocent owner? Why is he an innocent owner? So 18 U.S.C. 983D is not written to eviscerate innocent ownership the moment a forfeiture complaint is filed. The creation of the innocent ownership defense under 983D2 occurs when the innocent owner first acquires that property interest. The property interest is what the statute is specifically relying on. But how do you deal with, I mean, the literal text of the D3A, Romanat 2, you know, did not know and was reasonably without cause to believe that the time the person acquired the interest. Mr. Buckley seems to fall within the literal meaning of that clause, doesn't he? That clause does not discuss when the particular claimant acquired their interest. It is the clause that discusses when the property interest was created. But no, no, no. D3A says the term innocent owner means a person who at the time that person acquired the interest in the property, right? So you're, Buckley is claiming to be the innocent owner. So at the time he acquired the interest in the property, you know, number two, you know, he did not know and was reasonably without cause to believe that the property was subject to forfeiture. That's not true of him, right? At the time he acquired his interest, he did know about the forfeiture, didn't he? If the court were to adopt that reading of the statute, it would foreclose the proper transfer of an interest to a trust merely because the government has started the forfeiture proceeding. So how would we read it? I mean, I'm open to considering another reading, but what's the other way to read it to make sense of the clause? The property interest that was acquired was with the innocent ownership. The innocent ownership would be broken if, for instance, it was acquired from one of the alleged criminals. But the creation of the property interest was acquired with the innocent ownership because the property interest is what the statute is referring to. You know, the statute also takes into consideration the timing of the conduct giving rise to the forfeiture. So 3A says, with respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, that was in 2012. The Silk Road theft was 2012. And Mr. Buckley acquired January 25, 2021, nine years later. The term innocent owner means a time... Right, so the conduct occurred, the alleged conduct occurred in 2012. And putting aside even that, I mean, the filing of the complaint itself assumes, as the court did, that the crime did occur and that this currency was involved in that crime. The crimes mentioned in this complaint are very specific. It is the trade of illegal goods and services on Silk Road and the theft by individual acts of the currency. Buckley's allegation is that the funds specifically that he owns were not involved in any of the crimes in the complaint and the government will not be able to meet its burden to show that the connection required by 983 between the funds and the criminal activity alleged in the complaint. So even assuming that that reading of the statute is correct, the complaint as it stands today is not sufficiently pled to capture the funds owned by Buckley within the framework of the evisceration of innocent ownership under 983D3. Furthermore, the district court found that Buckley's claim was, quote, nonsensical. But on what grounds did it find it was nonsensical? It was allegedly nonsensical solely because of, and in light of, the evidence submitted by the government in the form of expert opinions that conflicted with Buckley's allegations that Roman Hossain's Bitcoin was in fact siphoned from his accounts into Silk Road accounts. The government submitted its expert reports averting the defendant Bitcoin was stolen by individual acts months before Mt. Gox ones were stolen. But that is the moving parties averting their motion to strike. And the court did not find Buckley's allegations implausible on their face. Instead, the court erred by finding the allegations implausible in light of the evidence. And you can see even in the appellee's argument on appeal on page 25 in the summary of argument, the second sentence is Buckley failed to prove by preponderance of the evidence that he had Article III standing. This is the standard for a trial, not the standard for either motion to strike or summary judgment. And so that's the same framework under which they argued in the district court below. And the court adopted that view and found facts in their favor without proper discovery, without our ability to rebut the evidence that was presented. Finally, the district court's fungibility analysis was briefly discussed today as well, but that is also unsupported in the order by any citation to either precedent or any fact in the case or any argument raised by either side. That entire portion of the order is entirely academic. It provides an analogy to a bank, but it assumes that cryptocurrency is like money in a bank as opposed to a commodity or an asset, which it is. There's a commodity or an The public ledger is obviously accessible, but the private ledgers, unlike most cases here, the government has taken possession of those private, many of those private ledgers as well and has not turned them over in discovery. So with that, I will reserve the remainder of my time. Thank you. May it please the court. My name is Mary Jean Chan and I represent the United States in this Buckley's admission that he purchased his interest the day that he filed the claim to the Bitcoin that he knew at that time that the government had instituted forgery proceedings against that property meant that he could not establish himself under 983 as an innocent owner because he was reasonably aware that any interest in the one hq three Bitcoin was subject to forfeiture at the time that he purchased the interest. So it seems like under under your that the statute imposes a hardship on innocent owners in the sense that if you have this property forfeiture proceedings begin, the forfeiture proceeding may drag on for some period of time. And if you had been thinking of selling the property, you're stuck because like now you just have to hold it because you won't be able to transfer it to anyone else or it'll suddenly become forfeitable. Is that right? No, I think you can transfer it. It's just that the person you transfer to it, it can't then say that he has an ownership interest and claim it at that point. Well, OK, but but no one's going to buy it from you. If like the moment they buy it, it'll it'll become forfeitable, right? Well, but if it's I mean, the government doesn't just willy nilly sort of say things are forfeitable in order to institute forfeiture proceeding. There does have to be a sworn complaint. And that's that's for the basis for the forfeiture. And and in fact, the statute really and there's an antecedent to that even before there's an actual institution of forfeiture proceeding. If the conduct that gives rise to the forfeiture or the basis for forfeiture is reasonably known, that does sort of set a different timeline. And so the reason that this has been structured in this way that maybe does sort of limit somewhat the ability to just kind of assign your interest is because otherwise it would really defeat the whole purpose of the civil forfeiture statute, which is to take the profit out of crime because a person could simply sell something that they knew was reasonably subject to forfeiture and send it to somebody else, an innocent donor. The legislative history that we cited in our briefing specifically says that Congress took this into account in instituting this innocent owner requirement. Well, let me let me go back. If Mr. Hossain has a legitimate claim, he's peeled off a little piece of it and assigned it to Mr. Buckley. But Mr. Buckley could not benefit from that. Is that the position of the government? Even if Mr. Hossain has a completely legitimate claim, that piece of the claim is lost forever because he assigned it. So he's trying to liquidate arguably his interest in the claim, but he can't do it because whoever buys it doesn't have title that can be asserted against the government. Well, he can't he can't just assign his innocent owner status. So in other words, if he came into acquisition, Mr. Hossain into the property before it was reasonably understood that it would be subject to forfeiture, he can't take that timing and kind of assign that timing magically to somebody else. I mean, he can say that, you know, I'm going to give you my interest, which is that Bitcoin. You can do that. But the person that he's assigned that interest to cannot also then say, well, I'm going to assert this and impede and insert myself into the forfeiture proceedings. And that is a limitation. But that is doesn't mean that Mr. Hossain cannot assign or sell the Bitcoin. It's just that those other parties can't independently insert themselves as claimants into the forfeiture proceedings. And this is an important kind of limitation, partly, again, in order to avoid this fraudulent transfers or the innocent don't need type of problem, which which I think would be easy to sort of. Well, but your hypothetical contemplates an illegitimate owner transferring to someone who is is an innocent owner. In this case, I'm asking you to assume an innocent owner transfers. They can't do it because they're the new purchaser is not going to have status. Well, correct, because you don't know whether somebody I mean, some some of whether somebody is an innocent owner or not in terms of legitimate is not going to be hashed out until later on. And so the rule does it's intended to protect against the sort of the criminal owners. And maybe it does lump in the people who are innocently sort of purchasing. But they it doesn't it doesn't prevent the innocent owners from then asserting their interest. It's just limits them from assigning it. And ad nauseum, I mean, the factional interest we have here, I think, is very telling, which is it's point zero one bitcoin. And there's no reason why it wouldn't be limited to two point zero one. It could be even more. So then the idea that you could just transfer your innocent owner status would mean that you could almost have an infinite number of, you know, innocent owners and claims coming into court. And that I don't think is what is intended for the civil forfeiture proceedings. And there's no basis for kind of reading it otherwise, because if you were to read it as and also to say that being subject to forfeiture, an argument that that Mr. Buckley made below was that it has to mean that it's actually subject to an order of forfeiture, a final order of forfeiture, that that was the only way somebody would reasonably believe that something was subject forfeiture, then that would also eviscerate the entire 983d32, because nobody would think that something was subject to an order of forfeiture at the time that they timely made a claim because that order of forfeiture is not going to happen until later and down the road. And so that would make this entire statute, entire provision nonsensical. And so we don't think that Mr. Buckley's view of the statute and what it means and what you can do with the sort of transfer of an innocent owner status holds water and is consistent with CAFRA at all. What do you think is the stronger basis to affirm, standing or innocent owner? You know, it's like asking what your favorite child is. I think that both are very strong bases. I think that the innocent owner one is very clear and is straightforward because Mr. Buckley just now admitted that they knew at the time that they obtained the transfer that there was a forfeiture proceeding. And under 983, it's a very straightforward shot. And I think it would be helpful to have clarity in the law about this. So I think that that would be a great basis to affirm. But there was also no evidence to support Buckley's standing. And for similar reasons as with the Hussein case, but even less because in this case, after the filing of the verified claim, Your Honor, and this isn't exactly in an evidentiary thing. This was more pled in the briefing. They stepped away and they said, you know, our 0.01 Bitcoin interest isn't part of the 245 that was transferred out of Hussein's Mt. Gox account. It was the fractional interest. It was part of the 0.06 that was left over after the 245 Bitcoin was transferred out in February 2013. And so then it's unclear at all at what point it was transferred out if it ever was transferred out. And there's no evidence that shows that, again, it ever left Mt. Gox to go to Silk Road, to go to 1BAD. I'll ask you another question. Dovetail with what we started with, with the Battle Born, the first of the four cases. Are there any limits on when a district court can construe a government's motion to strike as a summary judgment motion without notifying the parties? I think that it's abusive discretion for whether the court would strike it for inadequate procedural, sort of the government not being procedurally rigorous. But in this case, again, as with the other cases, Buckley specifically in his response or opposition to the motion to strike said, it can be construed as either one. We win on either one. And here are the reasons why we win on either one. And so the district court did not abuse its discretion by not granting Buckley's request that the government's motion to strike be dismissed for not articulating sufficiently which ground it was taking. Again, I think the preferred practice and the one that I hope we will pursue is to be very precise in articulating which standard. But here, Buckley was not prejudiced. He understood what it was. He argued on both grounds and the court was not confused and specifically made findings. And there was, you know, a plethora of evidence that was submitted to the court for it to consider in looking at the motion for summary judgment. And that included the Agent Haney declarations as well as the AUSA Quiroz declaration. And actually there was, I'm sorry, the Quiroz declaration was in a different case. I apologize for that. But there are the Haney declarations that were submitted and that are at SER 167 to 75 as well as the third volume of excerpt of record 251. There's the Sanders declaration. And then there was a reference to the Michael Granger declaration, which had been submitted in opposition to the Kobayashi motion to intervene, which is not on appeal before this court. But that was related because it was also a claim that was submitted in relation to Mt. Gox. So there was a lot of evidence. There was, according to Buckley, there was enough evidence for the court to deny the striking of his claim. But he said sort of in the alternative, if you don't think so, court, then you should give us time for discovery. But again, that request for more time did not come with a specific discovery request or anything that specifically would have allowed him, he didn't specify, what piece of information he needed that he couldn't himself get that was uniquely within the government's possession that would allow him to establish standing. Thank you, Ms. Chan. These reasons we ask for information. Thank you very much. Mr. Price, rebuttal. This is a very interesting case. I really very much enjoy it. It's interesting because you have fractional bits of roughly $2 billion in value in terms of an asset. And all of these have their own set of data in private ledgers and public ledgers. And there's just a lot of information to go through if we were given access to the information, which we were not. That's the important part. But how would it show that your client has standing if you had access to that, the data behind the government's declarations? How would that show standing? The court found that we did not have standing based on the evidence submitted with the Haney Declaration and the Gornick Declaration. We submitted declarations solely on the basis under 56D to show that we needed additional discovery. We identified what discovery we needed. They make certain statements about when things happen and the timing of when money left Mount Gox, when it left Silk Road, when it went to individual possession, are all from that Haney Declaration and the Gornick Declaration. And we're taking issue with the veracity of those declarations in the Sanders Declaration and saying we need additional discovery of the underlying data, which we've never seen. And we're not able to cross-examine those experts nor review that data and have our own expert opine on it. And so we would be able to show that, in fact, the timeline shown by the Haney Declaration is not correct, that the money was not still in Mount Gox. Sorry, the cryptocurrency was not still in the Mount Gox accounts available to Mr. Hosein when Haney says it was. And so that's why we submitted the Sanders Declaration. We did not submit to summary judgment jurisdiction. And even if we did, summary judgment standard wasn't applied. What was applied was the trial standard with actual findings of facts. And with that, I thank your honors, and I submit. Thank you, Mr. Price. I thank both counsel for their arguments and the cases submitted.
judges: MILLER, KOH, Lynn